IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-87-FL

| | | |
|---|---|---|
| GLENWOOD EARL REVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 19, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed applications for benefits on May 4, 2011, alleging disability beginning May 1, 2011. The applications were denied initially and upon reconsideration. A hearing was held on May 6, 2013, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated June 25, 2013. The appeals council denied plaintiff's request for review on January 29, 2014, and plaintiff filed the instant action on February 14, 2014.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance."  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B).  The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1).  The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that plaintiff had the severe impairment of essential hypertension and the non-severe impairment of inguinal hernia. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, with the following limitations: avoid working around concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation. In making this assessment, the ALJ found plaintiff's statements about his limitations not fully credible. At step four, the ALJ concluded plaintiff was not

3

capable of performing his past relevant work. At step five, upon considering testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B. Analysis

In his objection, plaintiff does not direct the court to a specific error in the magistrate judge's M&R. Rather, he presents arguments criticizing the analysis of the ALJ, which arguments track those raised already in his motion for judgment on the pleadings. Indeed, apart from stating generally that he objects to the M&R on the basis of such arguments, he does not mention or reference a single portion of the M&R. In effect, plaintiff suggests that "any issue before the magistrate would be a proper subject of judicial review," but "[t]he Magistrates Act does not contemplate such an obviously inefficient use of judicial resources." Diamond, 416 F.3d at 315-16. Accordingly, the court need not perform a de novo review of the arguments raised. See id.

Nevertheless, out of an abundance of caution, undertaking de novo review of the M&R as a whole, and upon careful review of the record and applicable law, the court finds that plaintiff's arguments in support his motion for judgment on the pleadings are without merit. Where these arguments are addressed cogently in the M&R, the court adopts and incorporates the M&R herein. In addition, the court notes the following points pertaining to the arguments raised.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence in the record. He points to aspects of the testimony and medical records that the ALJ considered in his decision, which plaintiff claims support a finding of disability. The court may not, however, "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its]

4

judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir.2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

Here, while plaintiff claims he cannot perform medium work due to post-hernia surgery, multiple points of pain, and difficulty walking, substantial evidence in the record supported the ALJ's determination that these complaints did not render plaintiff unable to work on a sustained basis. See Aytch v. Astrue, 686 F. Supp. 2d 590, 599 (E.D.N.C. 2010) (stating that a claimant bears the "burden of furnishing evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis"). In particular, the ALJ found that plaintiff's hernia was a non-severe impairment, which finding was supported by medical evidence in the record. (Tr. 59, 317-29, 332-36, 350-57). In addition, the ALJ determined that plaintiff's pain complaints were not credible, in light of the lack of medical evidence and clinical findings to support his statements, combined with the record of his October 2011 consultative examination. (Tr. 61, 311-315). Furthermore, the ALJ determined that medical opinion evidence in the record supported a determination that plaintiff could perform a full range of medium work, with restrictions for pulmonary irritants. (e.g. Tr. 61-62, 120-22, 332-33, 337-38, 354-55).

In sum, ALJ discussed plaintiff's alleged symptoms in his decision, as well as the medical evidence in the record demonstrating that plaintiff was able to function despite his impairments. (Tr. 60-61). Where this determination was supported by substantial evidence, including reports of

5

Case 5:14-cv-00087-FL   Document 26   Filed 03/24/15   Page 5 of 6

judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir.2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

Here, while plaintiff claims he cannot perform medium work due to post-hernia surgery, multiple points of pain, and difficulty walking, substantial evidence in the record supported the ALJ's determination that these complaints did not render plaintiff unable to work on a sustained basis. See Aytch v. Astrue, 686 F. Supp. 2d 590, 599 (E.D.N.C. 2010) (stating that a claimant bears the "burden of furnishing evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis"). In particular, the ALJ found that plaintiff's hernia was a non-severe impairment, which finding was supported by medical evidence in the record. (Tr. 59, 317-29, 332-36, 350-57). In addition, the ALJ determined that plaintiff's pain complaints were not credible, in light of the lack of medical evidence and clinical findings to support his statements, combined with the record of his October 2011 consultative examination. (Tr. 61, 311-315). Furthermore, the ALJ determined that medical opinion evidence in the record supported a determination that plaintiff could perform a full range of medium work, with restrictions for pulmonary irritants. (e.g. Tr. 61-62, 120-22, 332-33, 337-38, 354-55).

In sum, ALJ discussed plaintiff's alleged symptoms in his decision, as well as the medical evidence in the record demonstrating that plaintiff was able to function despite his impairments. (Tr. 60-61). Where this determination was supported by substantial evidence, including reports of

plaintiff's treating physician, and additional examination reports in the record, the court does not undertake to re-weigh the evidence upon review. Mastro, 270 F.3d at 176.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the M&R, and upon considered review of the record, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 19), GRANTS defendant's motion for judgment on the pleadings (DE 20), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED, this the 24th day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge